**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LILLIAN F. COOK,

       Plaintiff,

                                    CASE NO. 10-15108
vs.                              HON. LAWRENCE P. ZATKOFF

CHASE HOME FINANCE, LLC,

       Defendant.
                                   /

**ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on December __, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order (Dkt. #2), filed on December 23, 2010.

**I. LEGAL STANDARD**

Under Fed. R. Civ. P. 65(b), the Court may issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The Court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

## II. FINDINGS OF THE COURT

In her motion for Temporary Restraining Order, Plaintiff requests that the Court stay the expiration of her March 14, 2011, redemption period for real property located in Troy, Michigan. Having reviewed Plaintiff's Motion, the Court finds that Plaintiff has not demonstrated that she is entitled to a Temporary Restraining Order. In particular, Plaintiff has failed to demonstrate that she would suffer an immediate injury if the Court were to deny her requested relief because her redemption period does not expire until March 14, 2011. Additionally, Plaintiff's conclusory analysis and references to the factual allegations in her complaint fail to demonstrate a strong or substantial likelihood of success on the merits of her claims.

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (Dkt. #2) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated:  December 28, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 28, 2010.

S/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290